UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
:
SHAWN WELLINGTON, : **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiff, :
: 18-cv-7132 (BMC) (PK)
- against - :
:
:
AMERICAN SECURITY INSURANCE :
COMPANY, :
:
Defendant. :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action in state court against defendant insurance company for failure to pay on unspecified claims. The initial pleading was a "summons with notice," a device allowed under New York law that simply notifies a defendant that an action has been commenced; it is then incumbent on defendant to demand a complaint. See N.Y. C.P.L.R. § 305. The summons with notice here simply stated that plaintiff was suing for breach of contract, and that he was seeking damages "which have not yet been calculated but [are] believed to be within the monetary jurisdiction of this Court plus any ancillary damages." Based on pre-litigation communications between the parties, defendant concluded that plaintiff was seeking damages in excess of $75,000, and so removed the case based on diversity of citizenship. See 28 U.S.C. § 1332.

Plaintiff has moved to remand the case on the ground that he is not seeking more than $75,000 and thus subject matter jurisdiction is lacking.[1] He has narrowed his claims to a subset of those for which defendant assumed he was seeking recovery. Defendant opposes remand, contending that even as narrowed, by its calculations, plaintiff is still seeking more than $75,000.

Defendant's calculations may give it a good faith basis for having signed the notice of removal, but it is not up to defendant to tell plaintiff the amount for which he is suing. First, "plaintiff is the master of its claim whose monetary demand is to be accorded deference." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square Inc., 30 F.3d 298, 305 (2d Cir. 1994) (internal quotation marks and alterations omitted). If plaintiff says he is suing for less than $75,000, and he has said nothing contrary in the litigation, then he is suing for less than $75,000. Indeed, since this Court is relying on plaintiff's representation in remanding this case, he may well be judicially estopped from claiming more than $75,000 in state court. See generally Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 45 (2d Cir. 2015).

Second, the statute and the Second Circuit's interpretation of it makes it clear that although extraneous documents may be considered in resolving a bona fide issue over the amount in controversy, a defendant's good faith belief as to the amount in controversy is not a substitute for "the sum demanded in good faith in the initial pleading … ." 28 U.S.C. § 1446(c)(2). Where, as here, the "initial pleading" is silent as to the amount in controversy, the Second Circuit has directed defendants to find out before they remove – through demanding a

---

[1] Plaintiff also contends that defendant is in fact a New York citizen because it does substantial business in New York, and so diversity is lacking. That is incorrect. Regardless of where a corporation does substantial business, it is only a citizen of its state of incorporation and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

2

complaint or through discovery – and has held that their time to remove does not begin to run until they receive that "initial pleading." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001)). I recognize although that Moltner made clear that there is a bright-line rule for when the time to remove begins to run, it did not preclude a defendant from seeking to remove before then. But a defendant that does so risks a remand where (as here) it is not possible to ascertain removability from the face of the initial pleading.

At the very least, defendant's removal was premature. Defendant now acknowledges that it was wrong in thinking that plaintiff is suing on at least some of the claims upon which defendant thought plaintiff was suing, but defendant continues to insist that plaintiff is calculating his damages incorrectly on his other claims. However, defendant took no action in state court to determine the amount that plaintiff is seeking. It could have demanded a complaint, as the C.P.L.R. allowed it to do, N.Y. C.P.L.R. § 3012, which likely would have contained an ad damnum clause. It could have taken discovery to lock plaintiff into a specific amount of damages. Instead, it has presented this Court with the rather anomalous situation of a plaintiff who is insisting that he is not seeking to recovery more than $75,000, while the defendant is insisting that he really is. There is no reason for such an absurd procedural posture, since, upon remand, defendant can again remove within the first year of the case, see 28 U.S.C. § 1446(c), if plaintiff recants the representation that he has made to this Court and defendant does not wish to rely on judicial estoppel.

Plaintiff's [9] motion to remand is granted. The case is remanded to the Supreme Court of New York, Queens County.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 6, 2019